UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARLOS RICARDO PORTO-SEAZ ]
    Plaintiff, ]
     ]
v. ] No. 3 05 1050
     ] Judge Trauger
STEPHANIE LARRY, ET AL. ]
    Defendants. ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Stephanie Larry, a Parole Officer for the State of Tennessee, and Richard O'Bryan, a Hearing Officer for the Board of Paroles, seeking damages.

In December, 1998, the plaintiff was convicted of aggravated robbery and aggravated assault. For these crimes, he received an effective sentence of ten (10) years in prison. Less than a year later, he was paroled to the custody of the Immigration and Naturalization Service for deportation back to his native Cuba.

When plaintiff's deportation could not be arranged, he was released in Louisiana from INS custody but did not return to Tennessee. On May 31, 2004, the plaintiff was arrested in New Orleans for driving without a license. A routine background check revealed that the plaintiff was wanted in Tennessee for a parole violation.

The plaintiff was returned to Tennessee to answer the parole violator warrant. A parole revocation hearing was held and, on

October 8, 2004, the plaintiff learned that his parole had been revoked. Although the plaintiff has not set forth specific claims against these defendants, the complaint seems to suggest that the plaintiff's parole was in some way improperly revoked.

The complaint arrived in the Clerk's Office on November 18, 2005. The plaintiff's claims arose when his parole was officially revoked on October 8, 2004. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that this action is untimely and is not subject to adjudication. Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995); see also Watson v. Wigginton, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No. 93-6023 (unpublished; 6th Cir. January 24, 1994).

Because this action appears to be time-barred, the plaintiff has no arguable basis in law or fact which would entitle him to § 1983 relief. Consequently, this action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and shall be dismissed. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832-1833, 104 L.Ed.2d 338 (1989).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge